**Attorney ID # 247052017**
**Adam E. Barker, Esquire**
**Attorney ID # 045332010**
**Jeffrey Sarvas, Esquire**
**BARKER, GELFAND, JAMES & SARVAS**
a Professional Corporation
Linwood Greene – Suite 12
210 New Road
Linwood, New Jersey 08221
(609) 601-8677
Adambarker@BarkerLawFirm.net
jsarvas@BarkerLawFirm.net
Our File Number: 60404-01
Attorneys for Plaintiff, the Plaintiff Class, individually and on behalf of all others similarly situated

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY - CAMDEN**

| | |
|---|---|
| CAITLIN MCLAUGHLIN, et al. individually and on behalf of all others similarly situated,<br><br>  Plaintiffs;<br>v.<br><br>JR GLOBAL EVENTS,<br><br>  Defendant. | Docket Number<br><br>Civil Action<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Individual and representative Plaintiff, CAITLIN MCLAUGHLIN, by her attorneys, Barker, Gelfand, James, & Sarvas, P.C., brings this wage and hour Collective and Class Action Complaint under federal and state law on behalf of herself and all other similarly and aggrieved employees, complaining of the Defendant, JR GLOBAL EVENTS, respectfully alleges the following.

1.  Plaintiff brings this action with (i) a collective action under the Fair Labor Standards Act ("FLSA"); and (ii) a Rule 23(b)(3) class action for violations under the New Jersey law, including that New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, et seq.,

New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. §§ 34:11- 4.1, et seq., and the corresponding regulations, to recover unpaid/improperly withheld wages, benefits and any unlawful deductions and/or unreimbursed business expenses, on behalf of herself and all other similarly situated and aggrieved employees.

2. Plaintiffs are current and former employees of Defendant JR GLOBAL EVENTS who were misclassified as independent contractors and were not paid all wages to which they were entitled by the Defendant to evade compliance with federal and state laws. Plaintiffs seek certification of a national "FLSA Class" collective action for recovery of wages, liquidated damages, penalties, costs, and attorney's fees under the FLSA.

## THE PARTIES

3. Individual and representative Plaintiff, CAITLIN MCLAUGHLIN, was, during all times relevant herein, and is, a resident of the State of New Jersey.

4. Plaintiffs are adults employed or formerly employed by the Defendant who were misclassified as independent contractors by the Defendant Employers within the four (4) years preceding filing the Complaint in this action. Plaintiffs and other similarly situated workers employed by the Defendant throughout the United States are referred to collectively as the "FLSA Class." A subset of Plaintiffs and similarly situated workers employed or formerly employed by the Defendant Employers within the State of New Jersey are referred to as the "New Jersey Class."

5. Defendant, JR GLOBAL EVENTS, is a corporate entity with its principal place of business at 42 Buckwalter Road Spring City, PA 19475, that, at all times relevant herein, conducted business in the State of New Jersey, and was the employer of Plaintiffs.

## JURISDICTION & VENUE

6. This Court has jurisdiction under the FLSA, based on 29 U.S.C. § 216(b), which authorizes private actions to recover damages for violations of their wage and hours provisions and 28 U.S.C. § 1331 (federal question).

7. This Court has supplemental jurisdiction over Rule 23 class claims and any other state law claims pursuant to 28 U.S.C. §1367.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims herein occurred in this District.

9. Plaintiffs' claims are properly consolidated as a single action because their claims involve the same Defendant, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law.

## FACTUAL ALLEGATIONS

10. Representative Plaintiff Caitlin McLaughlin was hired by Defendant on or about February 24, 2020, to be a "Meeting Planner" for Defendant.

11. Plaintiff's start date was March 16, 2020.

12. Plaintiff's job duties consisted of creating, selling, planning, coordinating, and/or executing meetings and/or events for clients of the Defendant in conjunction with JR Global management and other JR Global employees.

13. Upon her initial hire, Plaintiff was properly classified as an employee with Plaintiff's wages being reported to the IRS via form W-2.

14. Plaintiff was furloughed in April 2020 and returned to work on or about June or July 2020 due to the COVID-19 pandemic.

15. When Plaintiff returned to work from her furlough, she was initially brought back as an independent contractor despite having the same job duties as previously.

16. Plaintiff was explicitly told that she was being brought back an independent contractor because Defendant's "PPP funds are dwindling;" not due to any material change in Plaintiff's job duties.

17. At some point, Plaintiff was again made a W-2 employee, with not material change to job duties.

18. Plaintiff continued to work for Plaintiff as a W-2 employee until sometime in early 2023, when Defendant reclassified her as an independent contractor, despite Plaintiff's title and job duties remaining unchanged.

19. Defendant admitted to Plaintiff that she was being reclassified solely for Defendant's financial benefit and to lower Defendant's tax burden, and not for any legitimate reason such as a change in Plaintiff's job duties.

20. In late December 2023, in furtherance of Defendant's illegal scheme to defraud the state and federal government and deprive Plaintiff of her rights as a properly classified employee, Defendant informed Plaintiff that Defendant was going to fraudulently claim, in Defendant's employment and tax records, that Plaintiff had been "terminated" on or about February 25, 2023, and then "rehired" the next day as an independent contractor.

21. This purported termination and rehire was a complete fiction created and perpetuated by Defendant in order to cover up Defendant's fraudulent and illegal conduct of improperly reclassifying Plaintiff as an independent contractor.

22. Due to being illegally and improperly reclassified as an independent contractor, Plaintiff lost access to benefits to which she was legally entitled, including, but not limited to, paid leave, employer provided health insurance and retirement benefits.

23. Sometime in 2023, Defendant also began failing to pay Plaintiff her earned wages on the agreed upon two-week basis.

24. Defendant has admitted in writing to Plaintiff that they owe Plaintiff unpaid wages.

25. In their writing to Plaintiff, Defendant has mispresented the amount of wages owed by Defendant to Plaintiff to reflect a lower amount than Defendant actually owes to Plaintiff.

26. Plaintiff's wages are not being withheld by Defendant for any lawful reason.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

27. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this FLSA Collective Action as an "opt-in" on behalf herself and similarly situated employees (the "FLSA Class", which is defined as the following:

> All persons employed by the Defendant to create, sell, plan, coordinate, and/or execute meetings and/or events for clients of the Defendant for four (4) years prior to the filing of this action through the entry of judgment in this action, and who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b).

28. Plaintiff and the FLSA Class members are similarly situated in that they all performed the same basic duties and assignments as described above and were all subject to Defendant's common policies and practices

29. Plaintiff and the FLSA Class members were improperly classified and/or improperly reclassified as independent contractors after having been previously properly classified as employees.

30. The key legal issue in the collective action – whether Defendant's classification policy and payment practices violate the FLSA – does not vary from FLSA Class member to member.

31. Defendant violated the FLSA by misclassifying the Plaintiff and/or the putative party plaintiffs of the FLSA Class.

32. Defendant violated the FLSA by failing to pay Plaintiff and/or the putative party plaintiffs of the FLSA Class the full amount of wages owed.

33. Defendant violated the FLSA by knowingly withholding wages due to Plaintiff and/or the putative party plaintiffs of the FLSA Class.

34. Defendant's violations of the FLSA were willful, repeated, knowing, continuing and intentional, and economically damaged Plaintiff and the putative party plaintiffs of the FLSA Class.

35. Pursuant to 29 U.S.C. §§ 206(a)(1) and 216(b), Defendant is liable to Plaintiff and the FLSA Class members for the full amount of unpaid/improperly withheld wages, benefits and any unlawful deductions and/or unreimbursed business expenses, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs.

### Class Action Under Fed. R. Civ. P. 23

36. This action is brought by Plaintiff as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and for all claims asserted herein, on behalf of herself and the following, initially defined, Class:

> All persons employed by the Defendant to create, sell, plan, coordinate, and/or execute meetings and/or events for clients of the Defendant in the State of New Jersey at any time six (6) years prior to the filing of this Action through the entry of judgment in this Action ("New Jersey Class").

37. The claims brought pursuant to New Jersey State Law may be pursued by all similarly situated persons who do not opt-out of the Class Action pursuant to Rule 23.

38. **Numerosity** – A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the class are so numerous that joinder of all members is impractical. Membership in the class will be determined based on analysis of the Defendant's employee records, independent contractor agreements, and payroll records, and other records that the Defendant maintains.

39. **Commonality & Predominance** – There are questions of law and fact common to the New Jersey Class, which predominate over any questions affecting only individual New Jersey Class members. Questions of law and fact are common to all New Jersey Class members because, *inter alia*, this action concerns Defendant's common business policies, as described herein, these common questions of law and fact include, without limitation:

   a. Whether Defendant engaged in the conduct as alleged herein;

   b. Whether Defendant paid its employees for all time worked;

   c. Whether Plaintiff and the New Jersey Class members were misclassified as "independent contractors" when they were actually employees;

   d. Whether Plaintiff and the New Jersey Class members were deprived the protections of employee status under the law; and

   e. Whether Plaintiff and the New Jersey Class members are entitled to damages, and the amount of such damages.

40. **Typicality** – Plaintiff's claims are typical of the claims of the New Jersey Class members in that Plaintiff, like all New Jersey Class members, created, sold, planned, coordinated, and/or executed meetings and/or events for clients of the Defendant.

41.     **Adequacy of Representation** – Plaintiff will fairly and adequately protect the interests of the New Jersey Class. Plaintiff has retained experienced counsel. Plaintiff has no interests which are adverse to, or in conflict with, other members of the New Jersey Class.

42.     **Superiority of Class Action** – A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation. Moreover, absent a class action, most New Jersey Class members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. The prosecution of separate actions by the individual New Jersey Class members would create a risk of inconsistent or varying adjudications with respect to individual New Jersey Class members, which would establish incompatible standards of conduct for Defendant. In contrast, a class action presents far fewer management difficulties, conserves judicial as well as the parties' resources and protects the rights of each New Jersey Class member.

43.     Defendant willfully violated federal and New Jersey State Law.

44.     Plaintiff and the New Jersey Class members she seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policies, practices, and customs regarding Defendants' classification and pay practices.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FLSA CLASS PLAINTIFFS

45.     All previous paragraphs are incorporated as though fully set forth herein.

46.     The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of

goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a).

47. Defendant has been and continue to be, employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§206(a) and 207(a). Thus, Defendant is subject to the FLSA's minimum wage requirements.

48. Defendants have either employed, and/or continue to employ, Plaintiff and each of the FLSA Class members within the meaning of the FLSA.

49. Plaintiff and the FLSA Class have been entitled to the rights, protections, and benefits provided under the FLSA.

50. As a result of Defendant's improper withholding of wages, Defendant failed to compensate Plaintiff and the FLSA Class members for all hours worked to an extent that it diminishes these employees' wages below the applicable minimum wage.

51. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees.

52. Defendant knew or should have known that its practice of failing to pay their employees would result in failure to compensate Plaintiff and the FLSA Class members at the applicable minimum wage.

53. Defendant has violated and/or continue to violate, the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

54. Defendant has neither acted in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and

other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

55. Due to the aforementioned FLSA violations, Plaintiff, on behalf of herself and the members of the FLSA Class, are entitled to recover from Defendants, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b), as well as prejudgment and post-judgment interest.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT II
## NEW JERSEY WAGE AND HOUR LAW MINIMUM WAGE VIOLATIONS
## NEW JERSEY CLASS PLAINTIFFS

56. All previous paragraphs are incorporated as though fully set forth herein.

57. Plaintiff and the New Jersey Class members are employees entitled to the NJWHL's protections.

58. Defendant is an employer under the NJWHL.

59. At all relevant times, Defendant has employed, and/or continue to employ Plaintiff and each member of the New Jersey Class within the meaning of the NJWHL.

60. Pursuant to the NJWHL, the Defendant is required to pay Plaintiff and the New Jersey Class members all wages, when due, for all hours of work at hourly rates equal to at least the minimum wage rate under the NJWHL on their regular pay date. N.J.S.A. § 34:11-56a4.

61. Employers must pay employees "for all hours worked." N.J.A.C. § 12:56-5.1.

62. Defendant failed to pay Plaintiff and the New Jersey Class members for all hours worked, and thus failed to comply with this statute and its accompanying administrative code.

63. As alleged herein, Defendant failed to compensate Plaintiff and other New Jersey Class members for all of the time they worked for the benefit of Defendant.

64. Defendant knew or should have known that its practice of failing to pay employees would result in a failure to compensate employees at the New Jersey minimum wage.

65. The foregoing conduct, as alleged, constitutes willful violations of the NJWHL.

66. As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages under the NJWHL thereby violating and continuing to violate the NJWHL.

67. Defendant has violated New Jersey State Law, including but not limited to the NJWHL, NJWPL, amended in part by the Wage Theft Act, and corresponding New Jersey Code provisions by failing to "pay wages when due and as required by law." N.J.S.A. 34:11-58. Defendant have unlawfully withheld and/or diverted a portion of Plaintiff's and the New Jersey Class members wages in violation of New Jersey's Wage Payment Law, N.J.S.A. 34:11-4.4(a); see also N.J.A.C. 12:55-2.1(a).

68. Due to the Defendant's violations, Plaintiff, on behalf of herself and the New Jersey Class members, has sustained losses and lost compensation as a proximate result of Defendant's violations, and are entitled to recover the amount of unpaid minimum wages, liquidated damages, attorneys' fees and costs, as well as pre-judgment and post-judgment interest.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT III
## NEW JERSEY WAGE PAYMENT LAW WAGE VIOLATIONS
## NEW JERSEY CLASS PLAINTIFFS

69. All previous paragraphs are incorporated as though fully set forth herein.

70. Plaintiff and the New Jersey Class members are employees entitled to the NJWPL's protections.

71. Defendant is an employer under the NJWPL.

72. The NJWPL requires that Plaintiff and other New Jersey Class members receive all wages owed. N.J.S.A. 34:11-4.2.

73. The NJWPL generally provides that "[n]o employer may withhold or divert any portion of employee's wages." N.J.S.A. 34:11-4.4.

74. The NJWTA amendments to the NJWHL and NJWPL explicitly authorize a private right of action for unpaid wages. N.J.S.A. 34:11-4.110 ("the employee may recover in a civil action the full amount of any wages due" under the NJWHL and NJWPL).

75. As stated herein, Defendant failed to compensate Plaintiff and the New Jersey Class members for all hours worked.

76. Accordingly, Defendant has failed to pay and/or withheld wages, constituting a violation of the NJWPL.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT IV
## NEW JERSEY WAGE PAYMENT LAW UNLAWFUL DEDUCTIONS
## NEW JERSEY CLASS PLAINTIFFS

77. All previous paragraphs are incorporated as though fully set forth herein.

78. Plaintiff and the New Jersey Class members are employees entitled to the NJWPL's protections.

79. Defendant is an employer covered by the NJWPL that is required to pay Plaintiff and the New Jersey Class members in accordance with the NJWPL.

80. The NJWPL generally provides that "[n]o employer may withhold or divert any portion of an employee's wages." N.J.S.A. § 34:11-4.4.

81. By failing to pay Plaintiff and the New Jersey Class members all wages due to Plaintiff and the New Jersey Class members, Defendant has violated the NJWPL by withholding wages legally due to Plaintiff and the New Jersey Class members.

82. By knowingly misclassifying and/or knowingly improperly reclassifying Plaintiff and the New Jersey Class members as independent contractors, Defendants denied Plaintiff and the New Jersey Class members compensation they were entitled to receive in the form of benefits, including, but not limited to, paid leave, health insurance and retirement benefits.

83. Defendant's unlawful deductions from Plaintiff and the New Jersey Class members' wages denied/denies them compensation to which they were/are legally entitled to receive.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and/or on behalf of herself and all other similarly situated members of the Class/Collective members, respectfully requests the Court grant the following relief:

a. Certification of this action as a collective action on behalf of the FLSA Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b);

b. Certification of the action as a class action under Rule 23 on behalf of the New Jersey Class;

c. Designation of Plaintiff as representative of the FLSA Collective and the new Jersey Class;

d. Designation of Plaintiff's counsel as class counsel;

e. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New Jersey State Law and that Defendant's violations as described above are to be found willful;

f. An injunction against Defendant's and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

g. An award of unpaid wages to Plaintiff and the members of the FLSA Class and the New Jersey Class;

h. An award of liquidated damages to Plaintiff and members of the FLSA Class and the New Jersey Class.

i. That Defendants be ordered and enjoined to pay restitution of unpaid wages to Plaintiff and the FLSA Class and the New Jersey Class;

j. An award of costs and expenses of this action together with reasonable attorneys' fees to Plaintiff and members of the FLSA Class and the New Jersey Class; and

k. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial with respect to all issues triable of right by jury.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Adam E. Barker, Esquire is hereby designated as trial counsel.

## DEMAND TO PRESERVE EVIDENCE

The Plaintiff hereby makes the following demand to preserve evidence. Defendants j/s/a are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiffs' cause of action and/or prayers for relief and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including but not limited to, Facebook, X (formerly Twitter), Instagram, etc.) and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation

## CERTIFICATION

It is hereby certified pursuant to 28 U.S.C. § 1746 and pursuant to L.Civ.R. 11.2 that the matter in controversy is not presently the subject of any other action pending in any court or of an arbitration proceeding to date.

                                        **BARKER, GELFAND, JAMES & SARVAS**
                                        a Professional Corporation

                                        By:   /s/Adam E. Barker_____
                                              Adam E. Barker Esquire

Dated: March 28, 2024